**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00162-FDW**

| | |
|---|---|
| BeBETTER HEALTH, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EMPLOYEE-SERVICES.NET, INC.; )<br>WILLIAM J. STAZ; JAMES W. STAZ; )<br>TINA STAZ; and TIMOTHY J. STAZ, )<br>)<br>Defendants. ) | **ORDER** |

THIS MATTER is before the Court sua sponte concerning the status of this case. The Court is aware that two Defendants in the instant case were recently indicted by the grand jury for violations of federal law. See United States v. James William Staz and William James Staz, 3:14-cv-199-FDW (W.D.N.C.).

> "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 530 (S.D. W. Va. 2005). Stays generally are not granted before an indictment has issued … .

Maryland v. Universal Elections, Inc., 729 F.3d 370, 379-80 (4th Cir. 2013); see also United States v. Any and All Assets of That Certain Business Known as Shane Co., 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("[t]he public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."); cf. United States v.

Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977) (noting that a motion to stay proceedings is committed to the sound discretion of the court). In SEC v. Dresser, the Circuit Court for the District of Columbia stated:

> Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

628 F.2d 1368, 1375 (D.C. Cir. 1980).

The Court has reviewed the criminal indictment and the civil complaint in the case at bar and finds that these cases are related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised. Accordingly, pursuant to the law set forth herein, the Court finds, in its discretion, that a stay pending resolution of the criminal matter is warranted.

IT IS THEREFORE ORDERED that the Court hereby STAYS this matter pending a plea or jury verdict in the criminal matter 3:14-cr-199-FDW. The Court hereby directs ALL parties to file a **joint status report** as to the status of the criminal proceedings within ninety (90) days from the date of this Order and every ninety (90) days thereafter, so as to keep this Court apprised of the status of the criminal case on this civil docket.

Additionally, the Court notes that in a related case, Carolina Material Handling Services, Inc., et al. v. Employee-Services.net, Inc., et al., 3:11-cv-00176-FDW-DSC (W.D.N.C.), the plaintiffs notified this Court of an ordered entered in the United States Bankruptcy Court for the

Western District of North Carolina, resulting in an automatic stay of proceedings against the defendants in that case. The Court requests that Plaintiffs promptly notify the Court of any similar bankruptcy court orders or proceedings involving the parties involved in the present action.

    IT IS SO ORDERED.

Signed: January 20, 2015

Frank D. Whitney
Chief United States District Judge